IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK K. JORDAN,

      Plaintiff,

vs.                                                                                Civ. No. 01-1254  MV/WDS

SEARS LOGISTIC SERVICES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment, filed October 7, 2002, **[Doc. No. 36]** and Plaintiff's Motion to Allow Consideration of Plaintiff Mark K. Jordan's Response in Opposition to Defendant Sears Logistic Services, Inc.'s Motion for Partial Summary Judgment and Supporting Memorandum, filed November 12, 2002, **[Doc. No. 40]**. The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed, finds that the motions will be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff, Mark Jordan, began employment as a Home Delivery Service Assistant with Sears Logistic Services, Inc. ("SLS"), in August 1998. In the position, Mr. Jordan primarily loaded merchandise onto delivery trucks, delivered it to customers' homes, and assisted setting up and testing the merchandise. On July 13, 1999, Mr. Jordan injured himself while lifting an appliance. He was diagnosed as having a hernia, and in August 1999, he underwent surgery. On October 8, 1999, Mr. Jordan's doctor released him to return to "light-duty" work. While on light

duty, Jordan answered phones and monitored the delivery radio. Mr. Jordan returned to work at SLS without restrictions on January 2, 2000, but reinjured himself the same day.

Mr. Jordan was placed on worker's compensation leave until March 2000 when Jordan was given light-duty assignments in connection with the moving of SLS's corporate office. After the move, Mr. Jordan went back on worker's compensation leave. On August 16, 2000, Mr. Jordan was cleared to work without restrictions and attempted to return to his duties as a Home Delivery Service Assistant. On August 20, 2000, Mr. Jordan told SLS that he was unable to work without pain. Mr. Jordan transferred to a different position at Sears, Roebuck and Co., a retail store at the Coronado Mall. On the first day at Sears, Roebuck, Mr. Jordan was assigned to unload appliances from a truck. Mr. Jordan subsequently resigned from the position at Sears, Roebuck.

On November 5, 2001, Mr. Jordan filed this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and discrimination on the basis of disability in violation of the American's with Disabilities Act ("ADA"). On October 7, 2002, Defendant SLS moved for summary judgment on Plaintiff's claim under the ADA. Plaintiff failed to file a response on the date due under the Court's Local Rules—October 24, 2002. Plaintiff filed his response brief on November 4, 2002, and filed a motion to allow consideration of that response brief on November 12, 2002.

**LEGAL STANDARD**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c),

summary judgment is appropriate when the court, viewing the record in the light most favorable to the nonmoving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co., Inc.,* 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie,* 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the court that there is an absence of evidence to support the nonmoving party's case, *Celotex,* 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 322.

**DISCUSSION**

I.    Plaintiff's Motion to Allow Consideration of Untimely Response Brief

Plaintiff filed his response to Defendant's Motion for Partial Summary Judgment eleven days late. Plaintiff did not seek an enlargement of time to file the brief late within the time allowed nor did Plaintiff move for leave to file an untimely brief when he ultimately filed the response. Only eight days after filing the brief did Plaintiff file this Motion to Allow Consideration of the Response. The Motion neither presents an understandable basis for failing to file the response within the time allotted nor explains the failure to seek additional time to file the brief.[1]

This flouting of the Court's procedures and rules is unacceptable. Ultimately, however, Mr. Jordan and not his counsel, who was responsible for ensuring that the response or a request for additional time was filed within the time set by the Court, would suffer prejudice if the Court were to decline to consider the response brief. The Court seeks to resolve all disputes before it on their merits and will not doom Plaintiff's claim of disability discrimination simply because of a failure by counsel. Accordingly, the Court will grant Plaintiff's Motion to Allow Consideration of Plaintiff Mark K. Jordan's Response in Opposition to Defendant Sears Logistic Services, Inc.'s Motion for Partial Summary Judgment and Supporting Memorandum. Plaintiff's counsel, however, should not count on such a reprieve in the future.

---

[1] The Motion simply states that Plaintiff "took only the 'sufficient time' which he required to present his response and in good conscience argue his case for disability" and then points to the fact that Plaintiff needed to determine the scope of relief he would attain from a treatment for his disability. The treatment occurred a month before his response was due.

II.   Defendant's Motion For Partial Summary Judgment

    A.   Discrimination Claims Under The ADA

        1.   Disparate Treatment on Basis of Disability

Generally, discrimination claims under the ADA that are supported by indirect evidence of discrimination are examined under the familiar burden-shifting analysis first articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and refined in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under the burden-shifting method, the plaintiff first has the burden of establishing a *prima facie* case of disparate treatment. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff succeeds in showing such a *prima facie* case, a presumption of illegal discrimination is created and a burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged act. *Id.* If the defendant meets its burden by producing a "clear and reasonably specific" explanation for the conduct, *Burdine*, 450 U.S. at 258, the plaintiff may show that the reasons offered by the defendant were merely a "pretext" for discrimination, *McDonnell Douglas*, 411 U.S. at 804. Throughout the process of applying the *McDonnell Douglas* test, courts must remain flexible because the test "was never intended to be rigid, mechanized, or ritualistic." *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

A plaintiff can establish a *prima facie* case of discrimination under the ADA by demonstrating: (1) that he or she is a disabled person within meaning of ADA, (2) that he or she is qualified, that is, able to perform the essential functions of the job, with or without reasonable accommodation, and (3) that the employer took the adverse employment action under

circumstances that give rise to an inference that the action was based on his or her disability.[2] *See, e.g.*, *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997).

        i.        Plaintiff's *Prima Facie* Case of Discrimination

            a.        Plaintiff's Disability Under ADA

Plaintiff asserts that he has a disability as a result of chronic pain and a pulling/tight sensation in the left inguinal area where he had surgery for the repair of a hernia. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Under subsection (A), a plaintiff must show that he or she has an impairment that substantially limits at least one major life activity. *See Bristol v. Bd. of County Comm'rs,* 281 F.3d 1148, 1158 (10th Cir.), *vacated in part on other grounds on reh'g en banc,* 312 F.3d 1213 (10th Cir. 2002). Whether the plaintiff has an impairment and whether the conduct affected is a major life activity are question of laws for the court to decide. *Id.* at 1156-57; *Poindexter v. Atchison, Topeka and Santa Fe Railway Co.,* 168 F.3d 1228, 1230 (10th Cir. 1999). However, ascertaining whether the impairment substantially limits the major life activity is a factual question for the jury. *Bristol*, 281 F.3d at 1157.

---

[2] The record does not make entirely clear what adverse action Plaintiff is challenging by his ADA claim. The Complaint appears limited to a challenge to the Defendant's failure to promote Plaintiff to the position of Home Services Manager. In his response to Defendant's Motion for Summary Judgment, however, Plaintiff appears to focus on an alleged "wrongful termination" from the position of Home Delivery Assistant. Ultimately, the Court need not resolve the precise contours of Plaintiff's challenge because the Court concludes that Plaintiff was neither qualified for the position from which he was allegedly terminated or the position to which he was not promoted.

Plaintiff asserts that he has conditions that qualify as "impairments:" chronic pain and a pulling/tight sensation. The Court finds that the "chronic pain" as described by Plaintiff is an impairment under the ADA. *See, e.g.*, *Zimmerman v. General Motors, Delphi Energy & Engine Management System Div.*, 959 F. Supp. 1393, 1396 (D. Kan. 1997) (finding that chronic back problems and pain in the upper extremities qualified as impairments under the ADA).

Plaintiff next asserts that his impairment limits his ability to lift, walk, stand, sit, lie down, urinate, defecate, sleep, perform sexual functions, and work. Many of these qualify as major life activities. *See* 29 C.F.R. § 1630.2(i) (defining "major life activities" as including functions "such as caring for oneself…walking…and working."); *Pack v. Kmart Corp.*, 166 F.3d 1300, 1305 (10th Cir. 1999) (noting that standing, lifting, and reaching are major life activities); *Lowe v. Angelo's Italian Foods*, *Inc.*, 87 F.3d 1170, 1174 (10th Cir. 1996) (holding that limitation on plaintiff's ability to lift implicates a major life activity); *Keller v. Bd. Of Ed. Of City of Albuquerque*, 182 F.Supp.2d 1148, 1155 (D.N.M. 2001) (recognizing sexual intercourse and reproduction as major life activities).

Plaintiff presents little evidence describing how these major activities are affected by his impairment, but he does assert that the pain and pulling/tight sensation is magnified during each of these major life activities. In addition, Plaintiff notes that he is prevented from working in any job that requires him to lift more than twenty pounds.

When asserting that an impairment substantially limits the major life activity of working, a plaintiff must show that the impairment prevents the plaintiff from performing a class of jobs or a broad range of jobs. *See, e.g.*, *Sutton v. Untied Air Lines Inc.,* 527 U.S. 471, 491 ("When the major life activity under consideration is that of working, the statutory phrase 'substantially limits'

7

requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs."); *MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1444-45 (10th Cir. 1996) (holding that disability discrimination plaintiff who shows only that he is unable to perform single, particular job, fails to show that he is 'substantially limited in major life activity of working,' as required for ADA claim.); 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.").

The Court finds that although Plaintiff has adduced minimal evidence in support of his assertion that he is disabled, he has presented sufficient evidence that a trier of fact could conclude that Plaintiff is substantially limited in his performing the major life activities affected by his impairment. Most significantly, the twenty-pound lifting restriction cited by Plaintiff could support a finding that he is substantially limited in the major life activity of working. *cf. Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d at 1174 (noting that a permanent fifteen pound lifting restriction on its face appears to substantially limit a major life activity).

                   b.  Plaintiff's Ability to Perform the Essential Functions of the Position.

Plaintiff must next produce sufficient evidence for a finding that he is able to perform the essential functions of the position with or without reasonable accommodation. Plaintiff asserts that his disability limits his ability to lift. As a result, he could not continue working, without accommodation, as Home Delivery Service Assistant, which required him to unload and move heavy appliances. The accommodation sought by Plaintiff was a promotion to the position of Home Delivery Service Manager. The position of Home Delivery Service Manager, however, appears to have many of the same requirements as a Home Delivery Service Assistant, including

lifting and moving heavy and bulky merchandise. Accordingly, it is undisputed that Plaintiff could not perform the essential functions of Home Delivery Service Manager, without accommodation.

Plaintiff therefore seeks a second accommodation once he has been promoted to the position of Home Delivery Service Manager: the assignment of an additional assistant.[3] Plaintiff asserts that this suggested accommodation is plausible because Defendant had assigned more than one assistant to other drivers in the past. The witness produced by Plaintiff who asserted that Defendant had "accommodated" other Home Delivery Service Managers with an extra assistant has now recanted much of his sworn testimony, but he still appears to support Plaintiff's basic assertion that Defendant had assigned an extra assistant to other drivers. Albeit, in the witness' current version, such assignments of extra assistants were for short periods and only on occasions where there existed a shortage of trained drivers. Nonetheless, a plaintiff's burden of suggesting an accommodation is not a heavy one and he only need to suggest the existence of a "plausible accommodation." *See, e.g.*, *Woodman v. Runyon*, 132 F.3d 1330, 1344 (10th Cir. 1997) (noting that plaintiff has a light burden of production when suggesting a plausible accommodation in the context of a Rehabilitation Act claim).

An employer, however, need not make an accommodation that is unreasonable or would cause an "undue hardship." *See, e.g.*, *Den Hartog v. Watsatch Academy*, 129 F.3d 1076, 1087

---

[3] It is noteworthy that it appears that SLS did make some attempts to accommodate Plaintiff. He was assigned light-duty work during his recovery from his surgery and when he ultimately concluded that he could not perform the functions of a Home Delivery Service Assistant, SLS transferred him to a position in a retail store. The last attempted accommodation apparently failed because Plaintiff was assigned lifting tasks at the store. It is unclear whether such lifting was a necessary element of the position or whether Plaintiff informed his supervisor there that he was unable to lift certain weights. All that appears in the record before the Court is that Plaintiff left the job on the first day after receiving the lifting assignment.

9

(10th Cir. 1997). The employer bears the burden of persuasion on whether a proposed accommodation is unreasonable or would impose an undue hardship. *See, e.g., Rascon v. US West Communications, Inc.*, 143 F.3d 1324, 1334 (10th Cir. 1998). Courts have consistently held that an accommodation is not reasonable if it requires the employer to relieve the employee of an essential function of the disabled employee's position and reallocate it or reassign it to another employee. *See, e.g., Frazier v. Simmons*, 254 F.3d 1247, 1261 (10th Cir. 2001) (holding that the reassignment of an essential function is not a reasonable accommodation); *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124 (10th Cir. 1995) (employer is not required to reallocate job duties to change the essential functions of a job); *see also Mason v. Avaya Communication, Inc.*, ---F. 3d---, 2004 WL 56366, *7 (10th Cir. Jan. 13, 2004) (citing cases).

It is undisputed that heavy lifting is an essential function of the Home Delivery Service Manager position. Indeed, Plaintiff does not contend that the job could be performed without heavy lifting, but instead, he argues that the heavy lifting function should be assigned to another person. In other words, Plaintiff would have Defendant employee three people to perform the essential functions typically performed by two employees. This is precisely the restructuring of positions and reallocation of essential functions that the Courts have clearly and consistently held is not a *reasonable* accommodation. Accordingly, Plaintiff's suggested accommodation of promoting Plaintiff to the position of Home Delivery Service Manager and assigning an extra assistant to perform an essential element of that position is unreasonable.

It is undisputed that 1) Plaintiff could not perform the essential functions of his position of Home Delivery Service Assistant; 2) Plaintiff could not perform the essential function of a Home Delivery Service Manager; and 3) Plaintiff's suggested accommodation would require SLS to

have another employee perform the essential functions of Plaintiff's position. Accordingly, Plaintiff has failed to adduce evidence sufficient for a trier of fact to find that he was qualified for the position of Home Delivery Service Assistant or Home Delivery Service Manager. As a result, Plaintiff has failed to establish a *prima facie* case of disparate treatment on the basis of disability and the Court will grant judgment in favor of Defendant on that claim.

**2.      Discrimination on the Basis of Failure to Accommodate.**

Plaintiff alternatively argues that Defendant violated the ADA by failing to accommodate Plaintiff's disability. To establish a *prima facie* case of failure to accommodate under the ADA, a plaintiff must show that: (1) he has a disability within the meaning of the ADA; (2) the employer had notice of his disability; (3) he could perform the essential function of the job with reasonable accommodation; and (4) the employer refused to provide such accommodation. *See, e.g.*, *Harmon v. Sprint United Management Corp.*, 264 F. Supp. 2d 964, 971 (D. Kan. 2003).

The Court's finding that Plaintiff has not identified a reasonable accommodation that would have allowed him to perform the essential functions of a Home Delivery Service Assistant or Home Delivery Service Assistant, establishes that Plaintiff fails the third prong of the *prima facie* case. Accordingly, the Court will grant judgment in favor of Defendant on Plaintiff's failure to accommodate claim under the ADA.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Allow Consideration of Plaintiff Mark K. Jordan's Response in Opposition to Defendant Sears Logistic Services, Inc.'s Motion for Partial Summary Judgment and Supporting Memorandum, filed November 12, 2002, **[Doc. No. 40]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment, filed October 7, 2002, **[Doc. No. 36]** is **GRANTED**. Plaintiff's disparate treatment and reasonable accommodation claims under the ADA are dismissed.

Dated this 17th day of February, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Augustine M. Rodriguez, Esq.

Attorneys for Defendant:
    Henry F. Narvaez, Esq.
    Ernestina R. Cruz, Esq.