IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK K. JORDAN,

      Plaintiff,

vs.                                                                                      Civ. No. 01-1254  MV/WDS

SEARS LOGISTIC SERVICES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Remaining Title VII Claim and Supporting Memorandum, filed April 27, 2004, **[Doc. No. 58]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## FACTUAL BACKGROUND

On November 5, 2001, Plaintiff filed this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I), discrimination on the basis of disability in violation of the American's with Disabilities Act ("ADA") (Count II) and seeking equitable relief (Count III). On March 17, 2004, the Court entered a Memorandum Opinion and Order granting Defendant's Motion for Partial Summary Judgment on Plaintiff's ADA claim. In this Order, the Court found, in part, that Plaintiff's ADA claim failed because Plaintiff was not qualified for the position he sought. Defendant subsequently sought leave to file a dispositive motion on Plaintiff's race discrimination claim, asserting that the Court's finding that Plaintiff was not qualified for the

position he sought was dispositive of Plaintiff's race discrimination claim. The Court granted Defendant leave to file the requested motion.

Defendant filed the instant motion asserting that the Court's March 17, 2004 Memorandum Opinion and Order was dispositive of Plaintiff's remaining Title VII claim arising from Defendant's alleged failure to promote him due to race discrimination. Defendant also argued in its motion that, to the extent Plaintiff was attempting to assert a hostile work environment claim under Title VII, such a claim was barred because Plaintiff had failed to assert it before the EEOC. Plaintiff filed his response, agreeing that the March 17, 2004 Order was "dispositive as to Plaintiff's Title VII claims in favor of Defendant" and conceding that Plaintiff failed to assert a hostile work environment claim before the EEOC. Plaintiff requested that the Court enter an Order dismissing his Title VII claims and directing the parties to proceed to trial on his remaining constructive discharge claim. Defendant contends that Plaintiff never asserted a constructive discharge claim and, even if he had, such a claim fails as a matter of law.

## LEGAL STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the nonmoving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co., Inc.,* 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support

2

the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie,* 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the court that there is an absence of evidence to support the nonmoving party's case, *Celotex,* 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 322.

### DISCUSSION

Plaintiff claims that he has asserted a constructive discharge claim for monetary damages that should be permitted to proceed to trial. Plaintiff's claim is without merit. Constructive discharge is not a cause of action in itself; it is a means of proving that what is in form a resignation was in fact a discharge. Constructive discharge can be invoked to support a variety of tort, contractual, or statutory claims. In this case, the Court has granted summary judgment on Plaintiff's ADA claim and Plaintiff has agreed that his Title VII claims should be dismissed.

Therefore, there are no remaining federal claims and a constructive discharge claim could only be asserted as part of a state law tort or breach of contract claim. Plaintiff's Complaint, however, asserts no state law claims.

In Paragraph 1 of his Complaint, Plaintiff asserts that this Court has jurisdiction over the subject matter of Plaintiff's Complaint under various federal statutes. Plaintiff does not invoke any state law authority and does not cite 28 U.S.C. § 1467, which permits the Court to exercise supplemental jurisdiction over state law claims. Paragraph 2 of Plaintiff's Complaint asserts that his "action arises under the laws and Constitution of the United States." Again, no reference is made to any claims arising under state law.

There is one reference in Plaintiff's Complaint to a "wrongful discharge." Under the section of the Complaint identified as "Third Cause of Action: Request for Equitable Relief," Plaintiff alleges that Defendant's actions constitute "the willful and wrongful discharge of the Plaintiff after failing to accommodate or promote Plaintiff." While constructive discharge may be a prerequisite to a state law wrongful termination claim when an employee resigns, this single conclusory allegation is insufficient to state a claim for wrongful discharge under state law given Plaintiff's failure to assert that any claims were being brought under state law. *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Furthermore, Plaintiff does not contend that he has asserted a state law wrongful discharge claim.

In support of his argument that he has asserted a constructive discharge claim, Plaintiff cites to the Pretrial Order, where he described his claim, in part, as "Defendant, Sears Logistic Services, Inc., wrongfully and intentionally constructively terminated Plaintiff by transferring him

4

to another position at Sears Roebuck & Co., where he was promised that he would not have to lift heavy objects, but was required to do so, once he started in that position." Had Plaintiff's federal claims proceeded to trial, Plaintiff would have been permitted to offer evidence that he was constructively discharged if such evidence was necessary to prove his federal claims. However, the fact that Plaintiff referenced constructive discharge once in the Pretrial Order, as part of a description of his federal statutory claims, is insufficient to raise a state law claim that was not asserted in the Complaint.

The fact that Plaintiff did not assert any state law claims is further supported by Plaintiff's identification in the Pretrial Order of the affirmative relief being sought:

> A)    Pursuant to U.S.C. § 1981:  Plaintiff seeks compensatory damages, punitive damages, costs and attorneys fees herein incurred;
>
> B)    Pursuant to Title VII (42 U.S.C. § 2000(e), et seq.):  Plaintiff seeks compensatory damages, punitive damages, costs and attorneys fees herein incurred;
>
> C)    Equitable Relief pursuant to (42 U.S.C. § 2000(e) et seq.):  Plaintiff seeks compensatory damages, punitive damages, costs and attorneys fees herein incurred as a result of Defendant creating a hostile and inhospitable work environment; and
>
> D)    Pursuant to Americans With Disabilities Act:  Plaintiff seeks compensatory damages, punitive damages, costs and attorneys fees herein incurred.

Plaintiff did not identify any affirmative relief being sought under state law.

Plaintiff's claim that he has asserted a constructive discharge claim that should be permitted to proceed to trial is without merit. Constructive discharge is not a cause of action. As Plaintiff's federal statutory claims have been found to be without merit, a constructive discharge claim could only be invoked to support a state law tort or contractual claim. Plaintiff's Complaint, however, does not assert any state law claims. Plaintiff's attempt to assert a new

5

claim, over two and a half years after the case was filed, after the deadlines for discovery and the filing of dispositive motions have passed, and only a month before trial, is not well-taken.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's Remaining Title VII Claim and Supporting Memorandum, filed April 27, 2004, **[Doc. No. 58]** is **GRANTED**. Summary judgment is hereby granted in favor of Defendant on Plaintiff's Title VII claims and Plaintiff's purported constructive discharge claim.

Dated this 1st day of June, 2004.

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Anthony Lawrence Romo, Esq.

Attorneys for Defendant:
    H. Nicole Werkmesiter, Esq.
    Ernestina R. Cruz, Esq.